UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 OCT 29 PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS     )
COMPANY                  )
                         )    ENTERED
         Plaintiff,      )    OCT 29 1999
                         )
                         )    CV 97-L-2364-S
    vs.                  )
                         )
.289 ACRES OF LAND LOCATED )
IN   CULLMAN   COUNTY,   )
ALABAMA, at al.,         )
                         )
         Defendants.     )
                         )
RE: Cullman Tract No. 175 )
Owner: Carlton Wren

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

15

II. Discussion and Findings

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $2,167 in the permanent pipeline easement by deriving that the .289 acres taken was worth $7,500 an acre. Neither party objects to this award, and as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B. Amount Awarded for Temporary Easement

The Commissioners recommended that $2,368 was appropriate compensation for the temporary construction easement. Neither party objects to this award, and as such, the Commissioner's findings are approved and adopted as the findings of the court.

    C. Damage to the Remaining Property

The Commissioners recommended that landowners be awarded $1,500 compensation for damage caused by the pipeline outside of the permanent easement. Plaintiff objects to this award claiming that the award is not properly supported by evidence before the Commission, and thus the award is erroneous. For remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner has failed to meet this burden, and as

such, the court finds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $6,035. The Court has decided to moderate such award from $6,035 to $4,535. In view of the foregoing discussion, a separate judgment will be entered in the amount of $4,535 as just compensation in favor of the plaintiff.

DONE this 28th day of October 1999.

_____
SENIOR JUDGE